**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUAN JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 02-CV-1452 (RMC) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff's complaint against the District of Columbia and Terrance Gainer should still be dismissed in its entirety, notwithstanding plaintiff's argument in his Opposition to Defendants' Motion for Summary Judgment ("plaintiff's opposition").

1.  Plaintiff essentially concedes that both defendants are entitled to summary judgment on plaintiff's 42 U.S.C. § 1983 claim, as he has filed no opposition to the defendants' argument on this claim. Additionally, for the reasons previously stated in defendants' motion for summary judgment, the defendants request the Court grant the defendants' summary judgment as to the §1983 claim against them.

2.  Plaintiff has also conceded his common law claim against defendant Gainer, as he has filed no opposition to defendant Gainer's argument that he is not the proper party to sue in this case. For the reasons previously stated in defendants' motion for summary judgment, defendant Gainer requests the Court grant him summary judgment as to plaintiff's remaining claim filed against him.

3.  Notwithstanding plaintiff's argument in his opposition, the District of Columbia is entitled to summary judgment on the common law claims because the plaintiff has failed to

comply with D.C. Code §12-309.  Plaintiff concedes in his opposition that he never sent the Mayor a letter that complies with D.C. Code § 12-309.  However, plaintiff erroneously argues that the citizen complaint that he prepared meets the police report exception of D.C. Code §12-309.  (Exhibit 3, plaintiff's opposition).

As the D.C. Court of Appeals has frequently stated, D.C. Code §12-309 is in derogation of the common law and, therefore, must be strictly construed.  *Washington v. District of Columbia*, 392 A.2d 1008 (D.C. 1978).  This is so even where a "harsh result" may occur.  *DeKine v. the District of Columbia,* 422 A.2d 985, 986 (D.C. 1980).

The pertinent portion of the statute clearly states "[a] report in writing **by the Metropolitan Police Department, in regular course of duty**, is a sufficient notice under this section."  D.C. Code § 12-309 (2001).  Plaintiff alleges that the citizen complaint that he wrote describing his allegations is a "report by the Metropolitan Police Department in the regular course of business."  However, the plain reading of the statute proves that this is erroneous.  This document was not prepared by a member of the Metropolitan Police Department in the regular course of duty.  Plaintiff, who just happens to be a police officer, wrote the citizen complaint on a personal basis and not in the scope of his employment as a police officer.  Therefore, the document does not meet the exception of a report by the Metropolitan Police Department in the regular course of duty.

Plaintiff cites no case in which the Court has ever permitted a citizen complaint to constitute a "report by the Metropolitan Police Department in the regular course of duty," nor does any such case exist in the history of D.C. 12-309.  The two cases cited by plaintiff in his opposition, *Pitts v. the District of Columbia* and *Reiser v. the District of Columbia*, are not similar to the case at hand because the police reports in those cases were prepared by police

officer in the regular course of their duty. *Pitts v. the District of Columbia,* 391 A.2d 803(D.C. 1978); *Reiser v. the District of Columbia*, 563 F.2d 462 (D.C. Cir. 1977).

4. As discussed above, plaintiff has failed to set forth a viable constitutional claim against either the District of Columbia or defendant Gainer. However, the Court should not assert ancillary jurisdiction over plaintiff's common law claims. This Court should dismiss plaintiff's common law claims for lack of supplemental jurisdiction. *See United Mine Workers v Gibbs*, 383 U.S. 715 (1966), holding that in those instance when federal claims are dismissed, the federal court may decline to exercise "supplemental jurisdiction" for any remaining claims. Accordingly, these defendants seek dismissal of plaintiff's common law claims.

WHEREFORE, defendants the District of Columbia and Terrance Gainer respectfully requests the Court grant defendants' motion for summary judgment.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        TERESA J.A. QUON [462500]
        Chief, Section III

BY:    NICOLE L. LYNCH [471953]
        Assistant Attorney General
        Section III
        General Litigation Division
        441 4th Street, N.W.
        Washington, DC 20001
        (202) 442-9848